FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

RALPH K. WILLIAMS

REGISTER NO. 40957-037
F.C.I. FORT DIX (WEST-5811) 2015 AUG -4  AM 11: 46
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640  CLERK'S OFFICE
AT BALTIMORE

August 3, 2015

BY_____DEPUTY

RECEIVED IN THE OFFICE OF
CATHERINE C. BLAKE

AUG 0 4 2015

UNITED STATES DISTRICT COURT

[BY FAX: (410) 962-6836/(410) 962-3177]
THE HONORABLE CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201

Re: United States v. Ralph K. Williams, Docket No. CCB-03-0351

Dear Judge Blake:

This defendant, appearing pro se, respectfully submits this letter-motion in lieu of a more formal motion seeking an order modifying the term of imprisonment (360 Months) imposed on February 25, 2005, pursuant to Title 18, United States Code, Section 3582(c)(2). For the reasons that follow, the Court should (1) appoint CJA counsel for any future proceedings, (2) schedule a hearing, and/or (3) enter an order modifying the term of imprisonment.

By way of background, defendant was convicted after a jury trial of conspiracy to distribute and/or possess with the intent to distribute cocaine. The defendant proceeded to trial on the advice of counsel after being advised that a plea of guilty would result in a Life term of imprisonment. On February 25, 2005, the Court imposed a term of 360 months after finding that the Base Offense Level was 38 and that the defendant had a Criminal History Category of VI.

It should be noted that the presentence report contained a recommendation and finding that this defendant was a "Career Offender," as that term is defined in sections 4B1.1 and 2 of the U.S. Sentencing Guidelines. The Court did not, however, sentence the defendant based upon the career offender provision of the Guidelines. Nor did the Court make a determination of whether defendant was, or was not, in fact, a "career offender."

Section 3582(c)(2) authorizes a court to reduce a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." {18 U.S.C. 3582(c)(2)} In doing so, the court is directed to consider "the factors set forth in section 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, {id.} namely section 1B1.10 of the Guidelines. {See, Dillon v. United States, 560 U.S. 817, 826 (2010)}.

The rule -- namely, that resentencing pursuant to section 3582(c)(2) must be consistent with the applicable Guidelines policy statement -- is mandatory. Thus, section 3582(c)(2) does not authorize "'a plenary resentencing proceeding' and the resentencing court must treat the Guidelines as binding -- not as 'advisory' as it would at a defendant's initial sentencing" under United States v. Booker, 543 U.S. 220 (2005), which does not apply to resentencing proceedings. {United States v. Steele, 714 F.3d 751, 754 (2nd Cir. 2013)(quoting Dillon, 560 U.S. at 826)}

1

"Following this two-step approach, a district court proceeding under [section] 3582(c)(2) does not impose a new sentence in the usual sense." {Dillon, 560 U.S. at 826} Rather, "the limited nature of [section] 3582(c)(2) proceedings" requires that a sentencing court first determine if a defendant is eligible for a reduced sentence under amended Guideline provisions, and if so, the extent of the reduction authorized. {Id.} "Consistent with the limited nature of [section] 3582(c)(2) proceedings, [section] 1B1.10(b)(2) also confines the extent of the reduction authorized." Courts generally may "'not reduce the defendant's term of imprisonment under 18 U.S.C. [section] 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution" unless "the sentencing court originally imposed a term of imprisonment below the Guidelines range." {Id., at 827}

At step-two of the inquiry, a court must "consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." {Id.}

A reduction in the present case is both authorized and warranted. To be sure, as noted, defendant was sentenced based on a sentencing range that has subsequently been lowered. Moreover, that sentencing range was not produced by an enhancement under the career offender provision of the Guidelines. This case is unlike many previous cases wherein this Court has declined to modify the sentences because the sentences were driven by the career offender enhancement provisions. {See, e.g., United States v. Harmer, 2009 U.S. Dist. LEXIS 121192 (D. Md. Dec. 30, 2009)(Blake, J.)(relying on Judge Messitte's decision in United States v. Plater, 2008 WL 43435 at *1 (D. Md. June 24, 2008)(denying section 3582(c)(2) motion on the ground that drug quantity produced a base offense level of 34 but defendant was sentenced as a career offender with a base offense level of 37); see also, United States v. Branch, 2009 U.S. Dist. LEXIS 121191 (D. Md. . Dec. 30, 2009)(Blake, J.)(denying section 3582(c)(2) motion where sentence was driven by career offender base offense level); United States v. Sweet, 2009 U.S. Dist. LEXIS 121189 (D. Md. Dec. 30, 2009)(Blake, J.)(same); United States v. Troutman, 2009 U.S. 121186 (D. Md. Dec. 30, 2009)(Blake, J.)(same)} Since the Court did not determine the sentence in this case by reference to the career offender enhancement provision of the Guidelines, the Court is not precluded from modifying the excessive term. {See, United States v. Lee, 583 Fed. App'x 275, 276 (4th Cir. 2014)}

Since defendant's imprisonment he has been a model prisoner. Defendant's conduct has been nothing less than exemplary. Indeed, his proactive approach to post-offense rehabilitation merit special judicial consideration. Indeed, the Supreme Court has recognized that a defendant's post-sentence rehabilitative efforts -- in some cases -- may warrant special judicial consideration. {Accord, Pepper v. United States, 131 S.Ct. 1229 (2011)}. Defendant respectfully requests that he be afforded an opportunity to demonstrate to the Court that his efforts at rehabilitation are extraordinary. To do so, defendant respectfully requests that the Court appoint counsel and schedule a hearing.

WHEREFORE, for the reasons stated, the defendant respectfully requests that the Court modify defendant's term of imprisonment by reducing the sentence to the minimum term permitted by law, or in the alternative that the Court assign counsel and schedule a hearing to afford defendant a meaningful opportunity to demonstrate his worthiness of a reduced term of imprisonment.

Respectfully submitted,

/s/

_____

RALPH K. WILLIAMS

Case 1:03-cr-00351-CCB    Document 314    Filed 08/04/15    Page 3 of 3

cc: James Warwick, AUSA [By Fax: (410) 962-3124]